IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | |
| Petitioner, | Misc. Action No. 5:24-mc-28 (BKS/TWD) |
| v. | |
| STEBBINS ENGINEERING AND MANUFACTURING COMPANY, | |
| Respondent. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE ACTING SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA**

Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), respectfully petitions this Court to compel respondent Stebbins Engineering and Manufacturing Company (the "Company"), to comply with the administrative subpoena issued on August 27, 2024 by the Employee Benefits Security Administration ("EBSA"), an agency under the Acting Secretary's jurisdiction. Pursuant to section 504(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), this Court has authority to enforce the administrative subpoena that EBSA served on the Company in connection with EBSA's investigation of the Stebbins Engineering and Manufacturing Company Retirement Plan (the "Plan"). See 29 U.S.C. § 1134(a).

The Acting Secretary is seeking documents and information critical to determining whether any party has violated Title I of ERISA. However, despite the issuance of an administrative subpoena, the Company has repeatedly indicated that it will not comply. Accordingly, the Acting Secretary asks this Court to enforce the subpoena by ordering the Company to produce all documents and information requested no later than ten days from the date of the Court's order, to

1

cease disobedience to the subpoena or suffer contempt, and any other relief as may be necessary and appropriate.

## STATEMENT OF FACTS

On July 29, 2024, EBSA initiated investigation No. 31-037946 of the Plan to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder. Declaration of Janine Festa ("Festa Decl.") ¶ 4. EBSA issued an informal document request to the Company on July 31, 2024 to which the Company, through CEO Chris E. Calligaris, responding, not providing any documents but arguing that the investigation lacked merit. *Id.* ¶ 5. Because of this, EBSA issued a document subpoena to the Company care of Calligaris on August 27, 2024. *Id.* ¶ 5. The Company has continued to argue the merits of hypothetical violations and has still not produced any documents. On October 1, 2024, undersigned counsel wrote to Calligaris at the address where he had written to EBSA, noting, "I appreciate that you have concerns about the investigation, and you will be given time to address those, but courts have made clear that this not the time or the place to do so. Please respond to me no later than October 14, or we will file an enforcement action. . . ." *Id.* ¶ 9. The Company and Calligaris have not responded. *Id.* ¶ 10.

## ARGUMENT

The Acting Secretary's administrative subpoena was properly issued and served, is relevant to a legitimate investigation, and would not create an undue burden on the Company. Accordingly, under the Second Circuit's highly deferential review of administrative subpoenas, this Court must enforce the subpoena and compel the Company to immediately comply with it.

**I.	The Acting Secretary Is Authorized by Statute to Issue Subpoenas in Order to Investigate Violations of ERISA, and He May Enforce Such Subpoenas in this Court.**

Federal agencies like EBSA have broad powers to issue subpoenas in support of their enforcement mandates. See Okla. Press Publ'g Co. v. Walling, 327 U.S. 186, 201 (1946). This includes the power to issue subpoenas in order to determine whether they have jurisdiction over a particular activity in the first place. Sec. & Exch. Comm'n. v. Brigadoon Scotch Distrib. Co., 480 F.2d 1047, 1053 (2d Cir. 1973) (noting that "it is for the agency rather than the district courts to determine in the first instance the question of coverage in the course of the preliminary investigation into possible violations").

In particular, the Acting Secretary has broad authority to conduct investigations "to determine whether any person has violated or is about to violate any provision of" Title I of ERISA or any regulation or order issued under that Title. 29 U.S.C. § 1134(a). Thus, as part of such investigations, the Acting Secretary may issue subpoenas calling for the appearance of witnesses and the production of relevant documents. See 29 U.S.C. § 1134(c) (incorporating the FTC Act, 15 U.S.C. § 49). Where a party refuses to comply with a subpoena, the Acting Secretary "may invoke the aid of any court of the United States." Id.

**II.	The Acting Secretary Has Met All Requirements for Enforcement of the Subpoena**

Once invoked, this Court's role in reviewing the subpoena is "extremely limited." E.E.O.C. v. United Parcel Serv., Inc., 587 F.3d 136, 139 (2d Cir. 2009).

> To obtain enforcement of an administrative subpoena, an agency need show only (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the agency's possession, and (4) that the administrative steps required . . . have been followed.

Id. (internal citation omitted). An agency's burden to prove these criteria "is minimal." United States v. White, 853 F.2d 107, 111 (2d Cir. 1988) (holding that "the affidavit of an agent involved in the investigation" will suffice). Accordingly, a district court must enforce an administrative subpoena that satisfies these criteria "unless the party opposing enforcement demonstrates that the subpoena is unreasonable or that compliance would be 'unnecessarily burdensome.'" United States Parcel Serv., 587 F.3d at 139; see United States v. Powell, 379 U.S. 48, 57-58 (noting that any contrary standard "might seriously hamper" a federal agency "in carrying out investigations").

Here, the Acting Secretary's administrative subpoena satisfies all four requirements for this Court's enforcement.

    a.    **EBSA's Investigation Is for a Legitimate Purpose.**

ERISA is a comprehensive remedial statute enacted to promote the interests of participants and beneficiaries in employee benefit plans. 29 U.S.C. § 1001; Halo v. Yale Health Plan, 819 F. 3d 42, 47-48 (2d Cir. 2016). Title I of ERISA establishes, among other things, the duty of plan fiduciaries to act solely in the interests of the plan participants and beneficiaries, to act prudently and with the requisite amount of care and skill, to avoid self-dealing or engaging in prohibited transactions with parties in interest to the plan, and that all assets of the plan are to be held in trust. 29 U.S.C. §§ 1103, 1104, and 1106. The Acting Secretary has primary responsibility for enforcing and administering Title I of ERISA, and he can institute civil actions to obtain all relief necessary to restrain violations. 29 U.S.C. § 1132(a).

EBSA opened its investigation of the Plan pursuant to section 504 of ERISA. 29 U.S.C. § 1134. The Acting Secretary does not need probable cause of violations to show that the information sought is relevant to the investigation or within the Acting Secretary's subpoena power. United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950) (finding that an agency "can investigate

4

merely on suspicion that the law is being violated, or even just because it wants assurance that is not"); Brigadoon Scotch Distrib. Co., 480 F.2d at 1055 (2d Cir. 1973). Nor is the Acting Secretary's subpoena authority limited to the people and entities suspected of violations. *See, e.g.*, In re McVane, 44 F.3d 1127, 1137–38 (2d Cir. 1995) (discussing cases involving subpoenas to third parties who are not the target of the government's inspection).

The purpose of EBSA's investigation—to determine whether the Company or any other person has violated ERISA with respect to the Plan—is plainly a legitimate use of EBSA's authority.

        b.        **The Information Sought Is Relevant to the Investigation**

The documents and information that EBSA has subpoenaed are plainly relevant to the investigation of the Plan because EBSA will use them to determine whether the Company or any other person violated Title I of ERISA. The Second Circuit has long held that a district court must accept an "agency's appraisal of relevancy" unless it is "obviously wrong." See NLRB v. Am. Med. Response, Inc., 438 F.3d 188, 192-93 (2d Cir. 2006); see also United Parcel Serv., Inc., 587 F.3d at 139 (explaining that the relevancy requirement is "not especially constraining"); In re Gimbel, 77 F.3d 593, 601 (2d Cir. 1996) ("The initial determination of what information is reasonably relevant is left to the investigating agency"). Federal agencies like EBSA are empowered to issue subpoenas in order to determine whether they have jurisdiction over a particular activity in the first place. Brigadoon Scotch Distrib. Co., 480 F.2d at 1053 (2d Cir. 1973) (holding that "it is for the agency rather than the district courts to determine in the first instance the question of coverage in the course of the preliminary investigation into possible violations") (citing Okla. Press Publ'g Co., 327 U.S. at 201-02).

The subpoena follows a form used by EBSA requires the Company to produce basic documents relating to the Company and the Plan, including 1. written plan documents, as required

by 29 U.S.C. § 1102; 2. trust agreements, as required by 29 U.S.C. § 1103; 3. any adoption agreements; 4. summary plan descriptions, as required by 29 U.S.C. §1022; 5. any summaries of material modifications; 6. IRS determination/opinion letters, as provided for under 26 U.S.C. § 6110; 7. fidelity bonds, as required by 29 U.S.C. §1022; 8. any fiduciary liability insurance policies, as provided for under 29 U.S.C. §1110; 9. documents sufficient to identify all service providers to the Plan, defined as parties in the interest to the Plan under 29 U.S.C. § 1002(14)(H); 10. documents sufficient to identify all of the Company's directors, also defined as parties in the interest to the Plan under 29 U.S.C. § 1002(14)(H); 11. documents sufficient to identify all Plan trustees, defined as fiduciaries to the Plan under 29 C.F.R. § 2509.75-8; 12. documents sufficient to identify all Plan fiduciaries as defined under 29 U.S.C. § 1002(21)(A); 13. documents sufficient to identify the Company's cyber security team members; 14. custodial and trustee reports; 15. summary annual reports, as required under 29 U.S.C. § 1023; 16. Forms 5500s and audited financial statements, as required under 29 U.S.C. § 1024; 17. documents relating to the Company's cybersecurity program; 18. documents relating to the Company's business resiliency program; 19. documents sufficient to show when employer contributions are forwarded to the custodial trustee, as required under 29 U.S.C. § 1103(a); 20. documents showing when monies relating to the Plan were transferred to the custodial trustee, as required by 29 U.S.C. § 1103(a); 21. documents sufficient to identify litigation involving the Company; 22. documents sufficient to identify all participants, as defined in 29 U.S.C. § 1002(7), receiving retirement benefits; and 23. documents sufficient to identify any Plan participants, as defined in 29 U.S.C. § 1002(7), denied retirement benefits. *See* Ex. B, attached to Festa Decl.

Nevertheless, in its correspondence, the Company has refused to produce any responsive documents because of arguments relating to the hypothetical merits of a substantive case that has

not been brought. The Company has failed to adduce a persuasive argument as to the defects in a hypothetical merits action. Even if it had, questions of the merits, even those relating to jurisdiction, "are not to be decided in subpoena enforcement actions." SEC v. Brigadoon Scotch Distrib. Co., 480 F.2d 1047, 1052 (2d Cir. 1973); see Mollison v. United States, 481 F.3d 119, 123 (2d. Cir. 2007) (holding that, at this stage, the court is "not concerned with whether any subsequent enforcement action is likely to be meritorious, jurisdictionally or otherwise"). The Company will have an opportunity to mount a defense to any case that the Acting Secretary brings. However, that time is not now.

   c. **The Information Sought Is Not in the Acting Secretary's Possession**

EBSA is not in possession of the documents sought in the subpoena. Festa Decl. ¶ 8.

   d. **The Acting Secretary Followed the Required Administrative Steps**

Finally, the Acting Secretary followed with the administrative steps that ERISA requires in issuing and serving a subpoena. The subpoena was issued pursuant to statutory authority and was signed by EBSA's New York Boston Regional Director, to whom the Acting Secretary has delegated enforcement and subpoena authority. Festa Decl. ¶ 5.

EBSA properly served the subpoena on the Company. On September 3, 2024, EBSA Senior Investigator Janine Festa served the subpoena on the Company by Certified Mail. Therefore, service was proper. See F.T.C. v. Carter, 636 F. 2d 781, 791 (D.C. Cir. 1980) (holding that less service of process by mail is permissible for administrative subpoenas).

**III.** **The Demand Is Not Unreasonably Broad or Burdensome.**

"A subpoena that satisfies [the four] criteria will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable or that compliance would be 'unnecessarily burdensome." United Parcel Serv., Inc., 587 F.3d at 139 (quoting N.L.R.B. v. Am.

7

Med. Response, Inc., 438 F.3d 188, 193 (2d Cir. 2006)). Any determination that a subpoena poses an undue burden "requires the respondent to show that the actual costs of discovery are unreasonable in light of the particular size of the respondent's operations." N.L.R.B. v. AJD, Inc., No. 15-MISC-326, 2015 WL 7018351, at *5 (S.D.N.Y Nov. 12, 2015); see also E.E.O.C. v. Morgan Stanley & Co., 132 F. Supp. 2d 146, 161 (S.D.N.Y. 2000). Here, no such showing has been made or can be made.

As described above, the subpoena seeks limited documents relating to the Plan and the Company, many of which ERISA requires the Company to maintain. Obtaining these documents will be critical to EBSA's ability to determine whether the Company or any other persons have violated Title I of ERISA. The Company has not argued that production would be unreasonable, and it cannot meet that requirement.

EBSA has provided the Company with ample opportunities to produce the documents at issue, but to date it has produced nothing in response to the subpoena at issue. The Company will not comply absent an order from this Court.

## CONCLUSION

For the foregoing reasons, the Acting Secretary respectfully requests that the Court grant the Acting Secretary's Petition to Enforce Administrative Subpoena and enter a conforming order.

Dated: November 25, 2024
      New York, New York

                              SEEMA NANDA
                              Solicitor of Labor

                              JEFFREY S. ROGOFF
                              Regional Solicitor


By:   /s Michael R. Hartman
        MICHAEL R. HARTMAN
        Counsel for ERISA

        U.S. Department of Labor
        Attorneys for the Acting Secretary of Labor

        U.S. Department of Labor
        Office of the Solicitor, Region II
        201 Varick Street, Room 983
        New York, NY 10014
        (646) 264-3673
        hartman.michael@dol.gov
        NY-SOL-ECF@dol.gov